# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| TIMOTHY C. SHEPHARD, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIV-17-449-RAW-SPS |
| | ) |
| JOHN CHRISTIAN et al., | ) |
| | ) |
| Defendants. | ) |

## OPINION AND ORDER

Plaintiff, a pro se prisoner who is incarcerated in the Pontotoc County Jail in Ada, Oklahoma, has filed this civil rights complaint pursuant to 42 U.S.C. § 1983 against Pontotoc County Sheriff John Christian and Pontotoc County Jail Administrator Mike Sinnett. He also names "Mrs. Vicky" as an "other unknown" defendant. (Dkt. 1 at 12).

Plaintiff alleges he was denied the right to assistance of counsel in his criminal proceedings. He claims that on November 27, 2017, he was coerced by "Mrs. Vicky" to sign a Waiver of Constitutional Rights and Plea of Guilty for his misdemeanor criminal case. Plaintiff asserts he explained that he did not understand why he was being served with court papers by Mrs. Vicky, who is a jail guard, and why she encouraged him to sign it. He further alleges he was not given a copy of the charges or the document he signed. Plaintiff contends Defendant Sheriff Christian allows nothing to happen in the jail without his consent, and Defendant Jail Administrator Sinnett "has total control" over the daily operations of the jail. (Dkt. 1 at 5, 12).

The court has carefully reviewed the record and construes Plaintiff's complaint

liberally. *Haines v. Kerner*, 404 U.S. 519 (1972). This relaxed standard, however, does not relieve his burden of alleging sufficient facts on which a recognized legal claim could be based. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

Plaintiff is asking for punitive damages for having been coerced into a denial of his constitutional rights. (Dkt. 1 at 5). To the extent Plaintiff seeks monetary damages for his alleged unconstitutional incarceration, he first must prove his "conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Heck v. Humphrey*, 512 U.S. 477, 487 (1994) (citing 28 U.S.C. § 2254). When judgment for a plaintiff in a § 1983 suit "would necessarily imply the invalidity of his conviction or sentence, . . . the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." *Id*. Furthermore, before presenting a claim challenging a conviction or sentence to a federal court in a habeas corpus petition, the applicant must exhaust all remedies available in the state courts. 28 U.S.C. § 2254(b)(1)(A).

Because Plaintiff has not presented evidence that his conviction or sentence has been invalidated, the Court finds his claim for damages is not cognizable under § 1983. Therefore, this action is DISMISSED WITHOUT PREJUDICE. Plaintiff's motion for leave to proceed *in forma pauperis* (Dkt. 2) is DENIED AS MOOT.

**IT IS SO ORDERED** this 26th day of March 2018.

Ronald A. White
United States District Judge
Eastern District of Oklahoma

2